UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**

JEFFREY A. APPERSON, CLERK

NOV 0 8 2005

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

vs.

EDWARD D. MORRIS
RICHARD L. STOOPS
RICHARD F. FISCHER
BILLY RAY CHAMBERS

INDICTMENT

NO.  3:05CR-135-H

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)

The Grand Jury charges:

COUNT 1

On or about and between August 17, 2005 and October 5, 2005, in the Western District of Kentucky, Jefferson County, Kentucky, **EDWARD D. MORRIS**, defendant herein, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

| DATE | INDICTMENT | CHARGES | JURISDICTION |
|------|-----------|---------|--------------|
| 09-16-04 | 22-C-010402-FC0072 | Theft | Floyd County, Indiana |

did possess, in and affecting commerce, a firearm, to wit, a Kimber semi-automatic handgun, a Glock .45 caliber handgun, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

## COUNT 2

That on or about August 17, 2005, in the Western District of Kentucky, Jefferson County, Kentucky, **RICHARD L. STOOPS**, defendant herein, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

| DATE | INDICTMENT | CHARGES | JURISDICTION |
|------|------------|---------|--------------|
| 12-22-88 | 88-2005501TU | Possession With The Intent To Distribute | United States District Court Western District Of Tennessee |
| | | Carrying a Firearm During And In Relation To a Drug Trafficking Crime | |

did possess, in and affecting commerce, a firearm, to wit, a Bryco .9mm semi-automatic handgun, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury Further Charges:

## COUNT 3

On or about September 2, 2005, in the Western District of Kentucky, Jefferson County, Kentucky, **RICHARD F. FISCHER**, defendant herein, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

| DATE | INDICTMENT | CHARGES | JURISDICTION |
|------|-----------|---------|--------------|
| 07-22-02 | 01CR2408 | Trafficking In A Controlled Substance In The First Degree | Jefferson Circuit Court, Louisville, Kentucky |

did possess, in and affecting commerce, a firearm, to wit, a Smith and Wesson .44 caliber handgun, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

### COUNT 4

On or about August 10, 2005, in the Western District of Kentucky, Jefferson County, Kentucky, **BILLY RAY CHAMBERS**, defendant herein, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

| DATE | INDICTMENT | CHARGES | JURISDICTION |
|------|-----------|---------|--------------|
| 05-17-05 | 04CR3008 | Wanton Endangerment In The First Degree | Jefferson Circuit Court, Louisville, Kentucky |
| 05-17-05 | 04CR2474 | Burglary In The Third Degree | Jefferson Circuit Court, Louisville, Kentucky |

did possess, in and affecting commerce, a firearm, to wit, a Mossberg 12 gauge shotgun, serial number MV41200G.

3

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

A TRUE BILL

FOREP

DAVID L. HUBER
UNITED STATES ATTORNEY

DLH:BB: 051025

4

UNITED STATES OF AMERICA v.   EDWARD D. MORRIS, RICHARD L. STOOPS, RICHARD F. FISCHER,BILLY RAY
CHAMBERS

## P E N A L T I E S

Counts 1-4: NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

Misdemeanor:   $ 25 per count/individual       Felony:   $100 per count/individual
               $125 per count/other                      $400 per count/other

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due _immediately_ unless the court issues an order requiring payment by a date certain or sets out an installment schedule.  You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.  18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

    1.   **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

            For offenses occurring after December 12, 1987:

            No **INTEREST** will accrue on fines under $2,500.00.

            **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.  This rate changes monthly.  Interest accrues from the first business day following the two week period after the date a fine is imposed.

            **PENALTIES** of:

            10% of fine balance if payment more than 30 days late.

            15% of fine balance if payment more than 90 days late.

    2.   Recordation of a **LIEN** shall have the same force and effect as a tax lien.

    3.   Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

        If you **WILLFULLY** refuse to pay your fine, you shall be

subject to an **ADDITIONAL FINE** of not more than the
greater of $10,000 or twice the unpaid balance of the
fine; or **IMPRISONMENT** for not more than 1 year or both.
18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air
piracy offenses, you may also be ordered to make restitution to any victim of the
offense, in addition to, or in lieu of any other penalty authorized by law.  18
U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending
appeal, the court shall require:

    1.    That you deposit the entire fine amount (or the amount
          due under an installment schedule during the time of
          your appeal) in an escrow account with the U.S. District
          Court Clerk, or

    2.    Give bond for payment thereof.

    18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office,
certified checks or money orders should be made payable to the Clerk, U.S.
District Court and delivered to the appropriate division office listed below:

          LOUISVILLE:        Clerk, U.S. District Court
                                106 Gene Snyder U.S. Courthouse
                                601 West Broadway
                                Louisville, KY  40202
                                502/625-3500

          BOWLING GREEN:    Clerk, U.S. District Court
                                  120 Federal Building
                                  241 East Main Street
                                  Bowling Green, KY  42101
                                  270/393-2500

          OWENSBORO:        Clerk, U.S. District Court
                                  126 Federal Building
                                  423 Frederica
                                  Owensboro, KY  42301
                                  270/689-4400

          PADUCAH:          Clerk, U.S. District Court
                                  127 Federal Building
                                  501 Broadway
                                  Paducah, KY  42001
                                  270/415-6400

If the court finds that you have the present ability to pay, an order may direct
imprisonment until payment is made.

6

FORM DBD-34
JUN.85

No.

# UNITED STATES DISTRICT COURT

Western District of Kentucky

Louisville Division

**FILED**
JEFFREY A. APPERSON, CLERK

NOV 0 8 2005

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

### THE UNITED STATES OF AMERICA

vs.

EDWARD D. MORRIS; RICHARD L. STOOPS;

RICHARD F. FISCHER; BILLY RAY CHAMBERS

## INDICTMENT

## Title 18, U.S.C. §§ 9229(g)(1); 924(a)(2): Felon in Possession of a Firearm.

*A true bill.*

------------------                                        ---------------
                                                                   *Foreman*

*Filed in open court this* 8th day,

*of* November A.D. 2005.

----------------------------------------------------------------
                                                                   *Clerk*

*Bail, $*

----------------------------------------------------------------