FILED

Jeffrey A. Apperson, Clerk

JAN 1 8 2006

U.S. DISTRICT COURT
WEST'N. DIST KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:05CR-135-H

RICHARD L. STOOPS                                                    DEFENDANT

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by David L. Huber, United States Attorney for the Western District of

Kentucky, and defendant, Richard L. Stoops, and his attorney, Jonathan Ricketts, have agreed

upon the following:

1.      Defendant acknowledges that he has been charged in Count 2 of the Indictment in

this case with a violation of Title 18, United States Code, Section 922(g)(1).

2.      Defendant has read the charge against him contained in the Indictment, and the

charge has been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crime with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to the charge against him as set

forth in Count 2 of the Indictment.  Defendant will plead guilty because he is in fact guilty of the

charges.  The parties agree to the following factual basis for this plea:

The defendant is a member of the Louisville chapter of the Outlaw

motorcycle ~~gang~~ Club.  On August 17, 2005 in Jefferson County, Kentucky, the

defendant was provided a Bryco, .9mm semi-automatic handgun and ammunition

by another club member.  The defendant possessed this firearm and ammunition

after having been convicted of felony offenses, to wit: Possession with the Intent

to Distribute and Carrying a Firearm During and in Relation to a Drug Trafficking

Crime pursuant to case number 88-2005501TU in United States District Court for

the Western District of Tennessee.

4.      Defendant understands that the charges to which he will plead guilty carry a

maximum term of imprisonment of 10 years, a maximum fine of $250,000 and a maximum term

of supervised release of no more than 3 years.  Defendant understands that an additional term of

imprisonment may be ordered if the terms of the supervised release are violated, as explained in

18 U.S.C. § 3583.

5.      Defendant understands that if a term of imprisonment of more than one year is

imposed, the Sentencing Guidelines require a term of supervised release and that he will then be

subject to certain conditions of release.

6.      Defendant understands that by pleading guilty, he surrenders certain rights set

forth below.  Defendant's attorney has explained those rights to him and the consequences of his

waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charges against

him, he has the right to a public and speedy trial.  The trial could either be a jury

trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury

would have to agree unanimously before it could return a verdict of either guilty

or not guilty.  The jury would be instructed that defendant is presumed innocent

and that it could not convict him unless, after hearing all the evidence, it was

persuaded of defendant's guilt beyond a reasonable doubt.

2

B.     At a trial, whether by a jury or a judge, the United States would be

required to present its witnesses and other evidence against defendant.  Defendant

would be able to confront those government witnesses and his attorney would be

able to cross-examine them.  In turn, defendant could present witnesses and other

evidence in his own behalf.  If the witnesses for defendant would not appear

voluntarily, he could require their attendance through the subpoena power of the

Court.

C.     At a trial, defendant would have a privilege against self-

incrimination and he could decline to testify, without any inference of guilt being

drawn from his refusal to testify.  If defendant desired to do so, he could testify in

his own behalf.

7.     Defendant understands that the United States Attorney's Office has an obligation

to fully apprize the District Court and the United States Probation Office of all facts pertinent to

the sentencing process, and to respond to all legal or factual inquiries that might arise either

before, during, or after sentencing.  Defendant admits all acts and essential elements of the

indictment counts to which he pleads guilty.

8.     The defendant understands that he may be responsible for a fine, costs of

prosecution, costs of incarceration and supervision which may be required.

9.     Defendant acknowledges liability for the special assessment mandated by 18

U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District

Court Clerk's Office on the date of sentencing.

10.     At the time of sentencing, the United States will

3

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.  Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

11.    Both parties have independently reviewed the Sentencing Guidelines applicable in

this case, and in their best judgment and belief, conclude as follows:

A.    The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| Base offense level (USSG §2K2.1): | 20 |
| Acceptance of Responsibility (USSG §3E1.1 (a)and (b)): | -3 |
| Estimated Offense Level: | 17 |

B.    The Criminal History of defendant shall be determined upon completion of

the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).  Both parties

reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal

history.  The parties agree to not seek a departure from the Criminal History

Category pursuant to §4A1.3.

C.    The foregoing statements of applicability of sections of the

---

[1]  The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

4

Sentencing Guidelines and the statement of facts are not binding upon the Court.

The defendant understands the Court will independently calculate the Guidelines

at sentencing and defendant may not withdraw the plea of guilty solely because

the Court does not agree with either the statement of facts or Sentencing

Guideline application.

12.   Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742

affords a defendant the right to appeal the sentence imposed.  The Defendant knowingly and

voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence

pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack

his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255, including any claims of

ineffective assistance of counsel.  Defendant understands and agrees that nothing in this plea

agreement should be construed as a waiver by the United States of its right to appeal the sentence

under 18 U.S.C. § 3742.

13.     Defendant agrees to make a full and complete disclosure of his assets and

financial condition, and will complete the accompanying defendant's Affidavit, and will submit

to an investigation by the Financial Litigation Unit of the United States Attorney's Office for the

purpose of insuring prompt satisfaction of all fines and special assessments resulting from his

guilty plea.

14.     Defendant waives and agrees to waive any rights under the Speedy Trial

Act and understands and agrees that sentencing may be delayed until the cooperation phase has

been completed and title to all assets has fully vested in the United States. The reason for such

waiver is so that at sentencing the Court will have the benefit of all relevant information.

15.     Defendant agrees to abandon his Bryco, .9mm semi-automatic handgun and ammunition

16.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

18.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and Defendant will have no right to withdraw his

guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20.     Defendant agrees that the disposition provided for within this Agreement is fair taking into account all aggravating and mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

21.     This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and Defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to Defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID L. HUBER
United States Attorney

By:

_____
Brian Butler
Assistant U.S. Attorney

_____
January 5, 2006
Date

I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_Richard L. Stoops_                      _1/12/06_
Richard L. Stoops                              Date
Defendant


I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_Jonathan Ricketts_                      _1/12/06_
Jonathan Ricketts                              Date
Counsel for Defendant